James E. Goodley
Ryan P. McCarthy*
Goodley McCarthy LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 394-0541
*Counsel for Plaintiff*
*\* Pro hac vice application forthcoming*

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **HANS ARBELAEZ, individually and on behalf of all persons similarly situated,** 126 Palermo Street Central Islip, NY 11722, | : : : : | **Case No.:** |
| **Plaintiff,** v. | : : : : : | **Class Action Complaint** |
| **ELECTRONIC INTERFACE ASSOCIATES, INC., EIA ELECTRIC, INC., EIA ELECTRICAL CORP., EIA DATACOM, INC.,** 34-07th 37th Avenue Long Island City, NY 11101, | : : : : : : : : : | |
| **YOLANDA DELPRADO,** 8 DEBORAH DR SOMERSET, NJ 08873-4615 | : : : : | |
| **MATTHEW ORENT, ANDREEA ORENT** 203 W. 87th St. Apt. 52 New York, NY 11101, and | : : : : : | |
| **JOHN DOE BONDING COMPANIES 1-20** | : : : | |
| **Defendants.** | : : | |

## CLASS ACTION COMPLAINT

Plaintiff Hans Arbelaez ("Plaintiff" or "Arbelaez") individually and on behalf of all persons similarly situated, brings this Complaint against Defendants EIA Electric, Inc. ("EIA Electric") and EIA Datacom, Inc. ("EIA Datacom") (collectively "EIA"), Yolanda Delprado ("Yolanda"), Matthew Orent ("Matthew"), Andreea Orent ("Andreea" and jointly with Yolanda and Matthew, "Individual Defendants") (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New York Labor Law, Art. 6 ("NYLL") and the common law of contracts.  In addition to bringing this case in his individual capacity, Plaintiff brings this case as a class action under Fed. R. Civ. P. 23.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTORY STATEMENT

Plaintiff and other similarly situated employees of EIA, an electrical construction and services company which primarily performs public work for the City of New York, have not been appropriated compensated in a variety of respects.  As of approximately December 6, 2022 EIA has terminated Plaintiff and Class Members and has ceased construction operations.

First, EIA has flagrantly violated the NYLL by failing to timely pay Plaintiff and other class members for work they performed since bi-week November 9 to 22, 2022.  Plaintiff and the Last Paycheck Class seek unpaid wages for this time period, plus liquidated damages, interest and penalties.

Second, pursuant to NYLL § 191, EIA's construction workforce (including Plaintiff) is required to be paid on a weekly basis.  As EIA's construction workforce spends well in excess of 25% of their time (indeed, the vast majority) on manual work, they fit the definition of manual worker under Section 191.  As to this claim, Plaintiff and the Manual Worker Class seek liquidated

damages, interest and other damages related to the wages they were paid on a biweekly basis during the past six years.

Third, pursuant to NYLL § 195.5, EIA was required to "notify [its] employees in writing or by publicly posting the employer's policy on sick leave, vacation, personal leave, holidays and hours." EIA had no such written policy in place concerning whether unused time would be forfeited at termination, though it carried employees' unused time on the books and listed this time in each employee's paycheck. With no forfeiture policy, EIA was required to pay out unused personal and vacation time. At termination, Plaintiff, the Manual Worker Class and the Last Paycheck Class members were not paid all unpaid, accrued personal time and vacation time as required by the NYLL. Plaintiff Class Members seek recovery in this action.

Lastly, as to his work in approximately January through September 2022, Plaintiff was performed Electrical work on Jefferson Houses, a City-funded construction project in Manhattan. Pursuant to NYLL Section 220 and as reflected in New York Department of Labor ("NYDOL") Wage Determinations (both of which were incorporated into Public Contracts between the City and EIA), Defendants were required to ensure that Plaintiff and class members were paid at the applicable prevailing combined wage/benefit rate for Electricians. In the New York City, the prevailing applicable rate is approximately $116 per hour (approximately $58 in base wages and $58 in benefits). However, from approximately January 5, 2022 to February 1, 2022, Plaintiff was only paid at the Laborer rate (approximately $76 per hour). Plaintiff individually seeks the difference between Electrician and Laborer wages (approximately $30 per hour) on this project.

As detailed herein, Plaintiff seeks the following individual and class-based relief.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiff's FLSA claims is proper under 28 U.S.C. § 1331 and 29

U.S.C. § 201 *et seq.*

2.     Jurisdiction over any state law claims is proper under 28 U.S.C. § 1367.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to Plaintiff's claims occurred within this District and the Defendants Matthew Orent and Andreea Orent are each headquartered in this District.

## **PARTIES**

4.     Plaintiff Hans Arbelaez ("Plaintiff") is an adult individual residing in Central Islip, New York.  Plaintiff was employed by Defendants from approximately May 2018 through December 2022.  Plaintiff performed substantial work for Defendants in this District.

5.     Defendant Electronic Interface Associates, Inc. ("Electronic Interface") is a New York Corporation operating throughout New York City, including in this District.  Electronic Interface maintains its corporate headquarters in Long Island City, New York at the address in the caption.

6.     Defendant EIA Electric, Inc. ("EIA Electric") is a New York Corporation operating throughout New York City, including in this District.  EIA Electric maintains its corporate headquarters in Long Island City, New York at the address in the caption.

7.     Defendant EIA Electrical Corp. ("EIA Electrical Corp.") is a New York Corporation operating throughout New York City, including in this District.  EIA Electrical Corp. maintains its corporate headquarters in Long Island City, New York at the address in the caption.

8.     Defendant EIA Datacom, Inc. ("EIA Datacom" and jointly with Electronic Interface, EIA Electric and EIA Electrical Corp., "EIA") is a Delaware Corporation operating throughout New York City, including in this District.  EIA Datacom maintains its corporate headquarters in Long Island City, New York at the address in the caption.

9.      Defendant Yolanda DelPrado ("Yolanda") is an adult individual residing in Somerset, New Jersey at the address in the caption.  Yolanda is a principal and managing agent of EIA and is responsible for the labor violations at issue in this matter.

10.     Defendant Matthew Orent ("Matthew") is an adult individual residing in New York, New York at the address in the caption.  Matthew is a principal and managing agent of EIA and is responsible for the labor violations at issue in this matter.

11.     Defendant Andreea Orent ("Andreea" and together with Yolanda and Matthew, "Individual Defendants") is an adult individual residing in New York, NY at the address in the caption.  Andreea is a principal and managing agent of EIA and is responsible for the labor violations at issue in this matter.

12.     Defendants John Doe Bonding Companies 1-20 are, upon information and belief, corporations authorized to business in New York as sureties, and issued payment bonds in connection with the public projects at issue in this action.

13.     EIA is a electrical contracting company which performs electrical construction and service work mostly for governmental entities such as the City of New York (including the New York City Housing Authority, or "NYCHA"), but also for large commercial property owners.

14.     EIA employed Plaintiff as a Foreman Electrician on Public Work projects in New York City, including in this District.

15.     EIA continues to employ similarly-situated employees on Public Work projects throughout New York City, as well as on private construction projects.

## CLASS/COLLECTIVE DEFINITIONS

16.     Plaintiff brings Counts III-VII of this lawsuit pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and the following class:

All field construction workers employed by Electronic Interface Associates, Inc., EIA Electric, Inc., EIA Electrical Corp., or EIA Datacom, Inc. (jointly "EIA"), who performed work on any work day in the past six years and were not paid at least on a weekly basis (the "**Manual Worker Class**" or "**Field Construction Workers**").

17.      Plaintiff also brings Counts III - V of this lawsuit pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and the following class:

All employees of Electronic Interface Associates, Inc., EIA Electric, Inc., EIA Electrical Corp., or EIA Datacom, Inc. (jointly "EIA"), who performed work on any work day from biweeks beginning November 9, 2022 through present and were not paid for all hours worked (the "**Last Paycheck Class**").

18.      Throughout this Complaint, the terms "Classes," "Class Members," shall refer to both the Manual Worker Class, and the Last Paycheck Class.

19.      Plaintiff reserves the right to redefine the Classes and any subclasses prior to class certification, and thereafter, as necessary.

## FACTS

20.      Defendants employed Plaintiff and other Class Members throughout New York City.

21.      Plaintiff was employed by Defendants as a Foreman Electrician from approximately May 2018 to approximately December 2022.

22.      During the entirety of his employment, Plaintiff typically worked 40 hours per workweek.

23.      Plaintiff generally performed Electrical Work for EIA on projects funded by the NYCHA, which were subject to prevailing wage requirements under the NYLL.

24.      From approximately January 2022 through September 2022, Plaintiff worked as an Electrician on the NYCHA-funded Jefferson Homes project in Manhattan, performing work tasks such as: installation of electrical systems including electrical panels and lighting control panels as well as electrical conduit for exterior lighting installation, cable pulling, splicing and terminations

6

for all lighting installations, installation of pole lighting fixtures and post for exterior lighting at all areas of NYCHA developments, installation of BMS systems to monitor electrical equipment in boiler and tank rooms, and replacement of lighting fixtures at NYCHA buildings interior hallways and apartments (collectively "Electrical Work").

25.     Electrical Work indisputably must be paid at the Electrician rate, which is currently $116 per hour ($58 in base wages and $58 in benefits).

26.     EIA employed Electricians (including Plaintiff) on NYCHA-funded projects, including Jefferson Homes and Wyckoff Gardens.  All such projects were subject to Public Contracts between NYCHA and EIA.

27.     As required by NYLL Section 220, the Public Contracts contained express stipulations that the general contractor and subcontractors would pay their employees the applicable prevailing wages and benefits required by NYLL § 220 and the corresponding Wage Determinations issued by the New York State Department of Labor ("NYDOL"), which detailed the applicable prevailing wage and fringe benefit rate for each classification of worker (e.g., electrician, plumber, carpenter).

28.     The Public Contracts also incorporated the specific overtime pay requirements provided in the NYDOL Wage Determinations (e.g., time-and-a-half owed for each hour worked on a Sunday or more than 8 hours worked during any workday).

29.     As described herein, Plaintiff and Class Members were denied the prevailing wages and benefits required by the Public Contracts, NYLL § 220 and the NYDOL Wage Determinations.

30.     In accordance with the Public Contracts, for all relevant periods of time, all hours of Electrical Work should have been paid at the prevailing rate for Electricians ($58 in base wages

and $58 in benefits, for a total of $106 per hour).

31.      Finally, the Public Contracts also required EIA to obtain a surety bond.  As further described herein, John Doe Bonding Companies 1-20 are jointly and severally liable for any underpayments of prevailing wages on public works projects.

## Individual Liability

32.      Individual Defendants are each shareholders and managing agents of EIA.[1]

33.      Individual Defendants directed the work (directly and through intermediaries such as superintendents and foremen) of Plaintiff and the Classes.

34.      Individual Defendants had the power to, and did, hire, fire and discipline Class Members.

35.      Individual Defendants controlled payroll decisions of EIA, including the decision not to pay Plaintiff and the Classes compensation and including paying Plaintiff sub-prevailing wages on public works projects.

36.      Thus, Individual Defendants also were employers within the meaning of the FLSA and NYLL.

## Single Employer/Alter-Egos

37.      EIA constitutes a single employer and are alter-egos of each other for at least the following reasons:

   a.   Each of the EIA Defendants are in the same line of business (electrical construction and servicing) as one another;

   b.   Each of the EIA Defendants possess the same ownership, executive (and subordinate) management as one another, including at least Individual

---

[1] https://www.eia.us/leadership/ (last accessed 1/3/2022)

Defendants;

c.  Each of the EIA Defendants generally employed the same or similar employees as one another and utilized the same human resources and labor relations personnel;

d.  Each of the EIA Defendants generally operated out of the same physical location(s) as one another (34-07 7th Avenue, Long Island City);

e.  Each of the EIA Defendants generally served the same or similar customers as one another (public entities and other large commercial property owners);

f.  Each of the EIA Defendants generally possessed the same or similar assets and equipment as one another.

**Unpaid Wages and Willfulness**

38.  For approximately the first three and a half years of his employment, Plaintiff was typically paid the full Electrician's prevailing wage required by the NYLL for his work performed on public works.

39.  However, from approximately January 5, 2022 to February 1, 2022 on the Jefferson Houses project, EIA inexplicably began to classify and pay Plaintiff at the Laborer's rate, which is approximately $30 per hour less than the rate for Electrician.

40.  EIA purposely paid sub-prevailing wages to Plaintiff to save on payroll costs.

41.  EIA has also failed to pay the wages of Plaintiff and the Last Paycheck Class for hours worked from biweeks beginning November 9, 2022 through present.  In Plaintiff's case, during biweek November 9, 2022 to December 5, 2022, he had eight hours of unpaid wages and eight hours unpaid for Veteran's Day holiday.  During biweek November 23, 2022 to December 6, 2022, Plaintiff worked a full 80 hours, but was paid no wages at all.

42.  On or about December 9, 2022, Matthew spoke on a Zoom meeting to

approximately 200 EIA employees, explaining to them that EIA would not be making payment for to the Last Paycheck Class due to a purported failure to obtain company financing.

43.     As of approximately December 9, 2022, Plaintiff's and the Last Paycheck Class' employment at EIA was terminated.

44.     EIA had no written policy in place concerning whether unused time would be forfeited at termination, though it carried employees' unused time on the books and listed this time in each employee's paycheck.  With no forfeiture policy, EIA was required to pay out unused personal and vacation time.

45.     At present, Plaintiff has 24 hours of unpaid personal time and 64 hours of unpaid vacation time.  Members of the Last Paycheck Class similarly have substantial unpaid personal time and vacation time.

46.     EIA and Individual Defendants are each experienced in public works projects and at all times relevant to this Complaint were well aware of corresponding prevailing wage and timely wage payment requirements.  Defendants even employ union-represented members in other job classifications who are (upon information and belief) paid prevailing wages on a weekly basis.

47.     EIA and Individual Defendants willfully disregarded prevailing wage requirements, applicable Public Contracts, the FLSA and the NYLL in failing to properly compensate Plaintiff and Class Members.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Classes.

49.     The Class Members are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 100 members of each class.

50.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because there is no conflict between the claims of Plaintiff and those of the Classes, and Plaintiff's claims are typical of the claims of the Classes.  Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

51.     There are questions of law and fact common to the proposed Classes which predominate over any questions affecting only individual class members, including, without limitation: whether Defendants have violated and continue to violate New York law through its policy or practice of failing to pay manual workers on a weekly basis, failing to pay all employees for all hours worked during their last three weeks of employment, and failing to pay out unused personal and vacation time at termination.

52.     Plaintiff's claims are typical of the claims of the Classes in the following ways, without limitation: (a) Plaintiff is a member of each of the Classes; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Classes; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Class Members; and (e) the injuries suffered by Plaintiff is similar to the injuries suffered by the Class Members.

53.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes.

54.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.   The Classes are readily identifiable from Defendants' own employment records.  Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

55.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

56.     Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and Class Members.  Plaintiff envisions no difficulty in the management of this action as a class action.

57.     Defendant John Doe Bonding Companies 1-20 issued labor and material payment bonds, which ensured that they would pay unpaid prevailing wages or benefits owed on Public Works projects in the event EIA would not or could not pay the wages or benefits owed.

**COUNT I**
**MINIMUM WAGES, 29 U.S.C. § 206**
**Last Three Workweeks**
**(Plaintiff v. EIA and Individual Defendants)**

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     The FLSA requires that covered employees be compensated for all hours worked at a rate of not less than $7.25 per hour.  *See* 29 U.S.C. § 206(a)(1).

60.     Defendants are subject to the wage requirements of the FLSA because Defendants are each an "employer" under 29 U.S.C. § 203(d).

61.     At all relevant times, Defendants have each been an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

62.     During all relevant times, Plaintiff has been a covered employee entitled to the above-described FLSA's protections.  *See* 29 U.S.C. § 203(e).

63.     Plaintiff is not exempt from the requirements of the FLSA.  Plaintiff is entitled to be paid for all hours worked at a rate of not less than $7.25 per hour, pursuant to 29 U.S.C. § 206(a)(1).

64.     Defendants' compensation scheme (i.e., its failure to pay Plaintiff any wages at all for the 80 hours he worked during biweek November 23, 2022 through December 6, 2022), failed to comply with 29 U.S.C. § 206(a)(1).

65.     Defendants knowingly failed to compensate Plaintiff for all hours worked at a rate of not less than $7.25 per hour, in violation of 29 U.S.C. § 206(a)(1).

66.     Defendants also failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions of employment in violation of the FLSA.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

67.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

68.     Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the

unpaid wages.

**COUNT II**
**BREACH OF CONTRACT**
**Jefferson Houses Project**
**(Plaintiff v. EIA)**

69.     All previous paragraphs are incorporated as though fully set forth herein.

70.     Plaintiff was an employee of EIA and performed Electrical work on the Jefferson

Houses project.

71.     Pursuant to the Jefferson Houses contract with NYCHA and the incorporated

prevailing wage and benefit provisions, Defendants were obligated to pay Plaintiff the applicable

prevailing wages and benefits for Electricians provided in the NYDOL Wage Determinations for

all hours of work performed.

72.     Pursuant to the Jefferson Houses contract, Defendants were also obligated to pay

Plaintiff an overtime premium at the prevailing rates, and on the specific bases provided, in the

NYDOL Wage Determination.  For example, Defendants were required to pay Electricians 150%

of the regular prevailing rate of pay for all hours worked on a Saturday and whenever Electricians

worked more than 7 or 8 hours in any workday.

73.     Plaintiff, as an employee and laborer/mechanic entitled to the prevailing wages and

benefits described in the preceding paragraphs under the terms of the Jefferson Houses contract,

is an intended third-party beneficiary of the Jefferson Houses contract.

74.     Defendants failed to pay Plaintiff for all hours worked at the Electrician rate, in

violation of the Jefferson Houses contract.

75.     Defendants failed to pay Plaintiff the overtime premiums required by the NYDOL

Wage Determinations and Jefferson Houses contract.

76.     Plaintiff was harmed by Defendants' breach of the Jefferson Houses contract in that he was deprived of the applicable prevailing minimum wages, supplemental benefits, and overtime premiums required by the terms of the contract.

77.     Plaintiff is due unpaid prevailing wages and benefits at the Electrician rate, as well as overtime compensation calculated based on the Electrician prevailing rate and on the bases provided in the Wage Determination (e.g., for each hour worked on Saturdays), plus any additional damages (e.g., liquidated damages or interest) provided in the Jefferson Houses contract, and all consequential damages resulting from the breach.

## COUNT III
## FAILURE TO TIMELY PAY WAGES, NYLL §§ 191, 198
### (Plaintiff and the Classes v. EIA and Individual Defendants)

78.     All previous paragraphs are incorporated as though fully set forth herein.

79.     NYLL § 191(1)(a)(i) and supporting regulations require that manual workers be paid on a weekly basis and no later than seven calendar days from the end of the workweek.  All other types of employees must be paid at least semi-monthly.  NYLL § 191(1)(d).

80.     Plaintiff and the Classes are employees within the meaning of NYLL § 191.

81.     EIA and Individual Defendants are employers within the meaning of NYLL § 191.

82.     At all relevant times as alleged herein, Plaintiff and Manual Worker Class Members were manual workers, but were paid on a biweekly basis, in violation of NYLL § 191(1)(a)(i).

83.     Furthermore, to date Plaintiff and the Last Paycheck Class (i.e., all employees of EIA, including construction and office workers) have not been paid any wages for hours worked since approximately November 9, 2022, though Plaintiff and the Last Paycheck Class worked typical workweeks during this time period (in Plaintiff's case, approximately 40 hours per week).

By not paying wages during this time period, EIA and Individual Defendants violated NYLL §§ 191(1)(a)(i), 191(3) and the rights of Plaintiff and the Last Paycheck Class.

84.     Pursuant to NYLL § 198(1-a), employers such as EIA and Individual Defendants who fail to pay an employee wages in conformance with the NYLL shall be liable to the employee for all unpaid wages, liquidated damages equal to 100% of the unpaid wages, prejudgment interest, court costs, and attorney's fees incurred in recovering the unpaid wages. See also *Beh v. Cmty. Care Companions*, No. 19-CV-1417-JLS-HBS, 2021 U.S. Dist. LEXIS 197316, at *5 (W.D.N.Y. Feb. 1, 2021) (allowing private right of action to recover liquidated damages as a result of biweekly payment of manual workers).

**COUNT IV**
**FAILURE TO PAY VACATION AND PERSONAL TIME AT TERMINATION**
**NYLL §§ 191, 198**
**(Plaintiff and the Classes v. EIA and Individual Defendants)**

85.     All previous paragraphs are incorporated as though fully set forth herein.

86.     NYLL § 195(5) requires that an employer notify its employees in writing or by publicly posting the employer's policy on sick leave, vacation, personal leave, holidays and hours. EIA had no written policy in place concerning whether unused time would be *forfeited* at termination, though it carried employees' unused time on the books and listed this time in each employee's paycheck.  With no forfeiture policy, EIA was required to pay out unused personal and vacation time.

87.     Plaintiff and the Classes were not paid out for any unused vacation or personal time.  In Plaintiff's case, at termination, he had 24 hours of unpaid personal time and 64 hours of unpaid vacation time.

88.     Pursuant to NYLL § 198(1-a), employers such as EIA and Individual Defendants who fail to pay an employee wages in conformance with the NYLL shall be liable to the

employee for all unpaid personal time wages and vacation time wages, liquidated damages equal to 100% of the unpaid wages, prejudgment interest, court costs, and attorney's fees incurred in recovering the unpaid wages.

**COUNT V**
**WAGE NOTICE AND STATEMENT PENALTIES, NYLL § 198**
**(Plaintiff and the Classes v. EIA and Individual Defendants)**

89.    All previous paragraphs are incorporated as though fully set forth herein.

90.    NYLL § 195(1)(a) requires that at time of hire, employers provide their employees a written notice of the employee's "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other… prevailing wage supplements, if any, claimed as part of any prevailing wage…the regular pay day designated by the employer…the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer…for each type of [prevailing wage] supplement claimed[]: (i) the hourly rate claimed; (ii) the type of supplement [] including when applicable, but not limited to, pension or healthcare; (iii) the names and addresses of the person or entity providing such supplement[]; and (iv) the agreement, if any, requiring or providing for such supplement []together with information on how copies of such agreements or summaries thereof may be obtained by an employee. " *Id*.

91.    As to Plaintiff and the Manual Worker Class, EIA and Individual Defendants violated this requirement by failing to provide a notice with Manual Worker Class Members' regular pay day (which should have been at least weekly).

92.    As to Plaintiff and both Classes, EIA and Individual Defendants violated this requirement by failing to provide any initial pay notice to Class Members.

17

93.     NYLL § 195(3) requires that with each paycheck, employers provide employees with an accurate statement of "their regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." *Id*.  EIA and Individual Defendants violated this requirement by failing to provide accurate paystubs Plaintiff and the Last Paycheck Class from approximately November 9, 2022 through present, including where applicable prevailing wages.

94.     NYLL § 195(5) requires that an employer notify its employees in writing or by publicly posting the employer's policy on sick leave, vacation, personal leave, holidays and hours. EIA and Individual Defendants violated this requirement by failing to provide any written policy concerning unused sick leave, vacation, personal leave, holiday pay.

95.     NYLL § 198 empowers employees to sue their employers for violations of NYLL § 195(1)(a) (up to a maximum of $5,000 per employee) and for violations of NYLL § 195(3) (up to a maximum of $5,000 per employee).

96.     Plaintiff seeks on behalf of himself and Class Members, the maximum allowed penalties, plus attorney fees and costs.

## COUNT VI
### SURETYSHIP
**(Plaintiff and the Manual Worker Class v. John Doe Bonding Companies 1-20)**

97.     All previous paragraphs are incorporated as though fully set forth herein.

98.     By issuing payment bonds to EIA, John Doe Bonding Companies 1-20 assumed joint and several liability to pay Plaintiff and Manual Worker Class Members prevailing wages and benefits due and owing to them on Public Works projects in the event that EIA failed to pay pursuant to the terms of each bond.

99.     EIA failed to provide full payment of prevailing wages and benefits to Plaintiff

18

(on Jefferson Houses from approximately January 5, 2022 through February 1, 2022, and from approximately November 9, 2022 through present) and Manual Worker Class Members (from approximately November 9, 2022 through present) for work performed on Public Works projects, each of which were bonded.

100.   Pursuant to the terms of the bonds, John Doe Bonding Companies 1-20 are required to make payment to Plaintiff and Manual Worker Class Members in an amount not yet known, but to be determined at trial, plus prejudgment and post judgment interest, costs and attorneys' fees.

<u>**COUNT VII**</u>
**NYLL § 220-g**
**(Plaintiff and the Manual Worker Class v. John Doe Bonding Companies 1-20)**

101.   All previous paragraphs are incorporated as though fully set forth herein.

102.   As a matter of law, the bonds issued by the John Doe Bonding Companies 1-20 to EIA on the Public Works projects were issued pursuant to New York State Finance Law § 137.

103.   NYLL § 220-g grants an affected employee the ability to "bring an action to recover from the bond which is required by section one hundred thirty-seven of the state finance law, of the contractor, the subcontractor or both, unpaid wages and supplements, including interest as provided for in subdivision eight of section two hundred twenty of this article, due to persons furnishing labor to either the contractor or subcontractor."

104.   Plaintiff and Manual Worker Class Members are affected employees in that they performed work for EIA on Public Works projects, which were subject to bonds issued by John Doe Bonding Companies 1-20, and did not receive all prevailing wages and benefits due under law.

105.    John Doe Bonding Companies 1-20 are therefore liable to Plaintiff and Manual Worker Class Members for all unpaid prevailing wages and benefits owed to them by EIA, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, seeks the following relief:

A.    An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Classes;

B.    Back pay damages (including unpaid compensation for all hours worked, where applicable, at prevailing rates of pay and overtime rates and all unpaid personal and vacation time) and prejudgment interest to the fullest extent permitted under the law;

C.    Liquidated damages to the fullest extent permitted under the law;

D.    Consequential damages resulting from breaches of contracts;

E.    Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F.    Such other and further relief as this Court deems just and proper.

Dated: January 5, 2023                              Respectfully Submitted,

                                                   /s/ James E. Goodley
                                                   James E. Goodley (NY Reg. No. 5724083)
                                                   Ryan P. McCarthy*
                                                   GOODLEY MCCARTHY
                                                   1650 Market Street, Suite 3600
                                                   Philadelphia, PA 19103
                                                   Telephone: (215) 394-0541
                                                   james@gmlaborlaw.com
                                                   ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Classes*

*\* Pro Hac Vice Application to be Filed*